**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ABBY GROSSBERG,<br><br>    *Plaintiff,*<br><br>  v.<br><br>FOX CORPORATION, FOX NEWS NETWORK, LLC, JERRY ANDREWS, TUCKER CARLSON, DAVID CLARK, THOMAS FOX, RALPH GIORDANO, ALEXANDER MCCASKILL, JUSTIN WELLS, and LESLEY WEST,<br><br>    *Defendants.* | Civil Action No.  1:23-cv-02368 |

**DEFENDANT FOX NEWS NETWORK, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO SEAL**

Fox News Network, LLC ("Fox News"), by and through its attorneys, Baker McKenzie LLC, respectfully submits this Memorandum of Law in support of its Emergency Motion to Seal ("Motion to Seal"), requesting that the Court redact certain references in Plaintiff Abby Grossberg's Complaint to meetings she had with Fox News' attorneys, including in preparation for her deposition, relating to a different lawsuit that are subject to Fox News' attorney-client privilege and the work-product doctrine.

I.  INTRODUCTION AND BACKGROUND

Ms. Grossberg publicly filed privileged and confidential information belonging to Fox News without Fox News' consent, which gives rise to this Motion to Seal. The information that is the subject of this request relates to a lawsuit filed against Fox News by Dominion Voting Systems Corp. (the "Dominion Lawsuit"). Ms. Grossberg has never been a party to the Dominion Lawsuit. However, in that lawsuit, Ms. Grossberg, who first worked for Fox News on the *Sunday Morning Futures with Maria Bartiromo* show, served as a fact witness because of her role as a Fox News employee. Ms. Grossberg was deposed in the Dominion Lawsuit in the Fall of 2022.

Before her deposition, Ms. Grossberg met with inside and outside counsel for Fox News on several occasions to provide Fox News' attorneys with information to assist in their provision of legal advice to Fox News and their defense of the case, as well as to prepare for Ms. Grossberg's deposition. (Katzenstein Declaration **Exhibit 1**, Affidavit of Paul Salvaty in Support of Emergency Application For TRO and Preliminary Injunction ¶ 4.) These sessions were aimed at further developing a legal strategy and defense to the claims alleged against Fox News in the Dominion Lawsuit and ultimately providing Fox News with legal advice. (*Id.* ¶ 5.) During these sessions, Ms. Grossberg and Fox News' attorneys discussed a variety of topics relating to case strategy as well as topics specific to Ms. Grossberg's deposition. At no time, did Fox News' inside

or outside attorneys represent Ms. Grossberg in her individual capacity. (*Id.* ¶ 6.) In fact, from the outset and periodically throughout these meetings, Fox News' attorneys explicitly advised Ms. Grossberg that they represented Fox News and not her in her individual capacity. (*Id.*) They also explained that the sessions were subject to the attorney-client privilege and must be kept confidential. (*Id.*)

Five months after her deposition, on February 17, 2023, Parisis G. Filippatos, Esq., wrote to Fox News' senior management on behalf of Ms. Grossberg, threatening to assert employment-based discrimination and retaliation claims on behalf of Ms. Grossberg against Fox News. The letter did not stop there. (Katzenstein Declaration **Exhibit 2**, Affirmation of Krissy Katzenstein in Support of Emergency Application For TRO and Preliminary Injunction ("Katzenstein Aff.") ¶ 6.) In a transparent attempt to gain leverage over Fox News in connection with her employment claims, it went on to describe the meetings Ms. Grossberg had with Fox News' attorneys in the Dominion Lawsuit, making it clear that Ms. Grossberg had divulged Fox News' attorney-client privileged information to her attorney without Fox News' consent. (*Id.*)

Shortly thereafter, Mr. Filippatos provided Fox News with a draft complaint that he said he intended to file on behalf of Ms. Grossberg, captioned in the New York Supreme Court. (*Id.* ¶ 7.) Expanding on his earlier letter, the draft complaint characterized over several pages the meetings between Ms. Grossberg and inside and outside counsel for Fox News.[1] (*Id.*) As a Fox News' employee, Ms. Grossberg was an agent of the Company acting as such during those meetings and the communications during those meetings are subject to the attorney-client privilege held by Fox News. Furthermore, the Dominion Lawsuit is in active litigation and the information

---

[1] Fox News denies that Ms. Grossberg's descriptions of the privileged communications and work product information are accurate. But those inaccurate descriptions are nevertheless protected from disclosure, as the privileges over the communications and work product belong to Fox News.

from those meetings is also subject to the work-product doctrine and protected as material prepared for trial.

On March 10, 2023, counsel for Fox News sent Ms. Grossberg's counsel a letter, putting Ms. Grossberg on notice that portions of her draft complaint contain Fox News' privileged and confidential information and demanding that Ms. Grossberg not disclose any such information publicly, including in any complaint that she intends to file against Fox News. (*Id.* ¶ 8.) On March 13, 2023, Ms. Grossberg's counsel informed counsel for Fox News that she does not believe the information is privileged and intended to file publicly a complaint containing this information. (*Id.* ¶ 9.) On March 18, 2023, Ms. Grossberg's counsel again reiterated that Ms. Grossberg does not view the communications between herself and Fox News' counsel as protected by Fox News' attorney client privilege. (*Id.* ¶ 10.) On March 20, 2023, counsel for Ms. Grossberg provided Fox News with two draft complaints, one captioned for filing in the Southern District of New York, which was a revised version of the original draft complaint, and the second captioned for filing in the Superior Court for the State of Delaware. Both draft complaints continued to include allegations regarding Fox News' privileged information.

On March 20, 2023, Fox News filed a temporary restraining order in the New York Supreme Court to prohibit Ms. Grossberg from disclosing Fox News' privileged communications and information. Before that temporary restraining order could be ruled upon, Ms. Grossberg filed this lawsuit in the Southern District of New York and a lawsuit in the Superior Court for the State of Delaware, which that court has sealed. The Complaint in this matter contains numerous references to alleged privileged statements and information from meetings between Fox News' counsel and Ms. Grossberg. (Complaint (Dkt. 1) ¶¶ 135-140, 143, 145, 146, 149-151, 155-156, 160-162, 312.) These references violate Fox News' rights, specifically, the attorney-client

privilege and Fox News' attorney work product protection.  Therefore, Fox News files this Motion to Seal requesting this Court to redact the references in Ms. Grossberg's Complaint to her meetings with Fox News' counsel.

## II. ARGUMENT

### A. Legal Standard

Where a party files a motion to seal, a three-part inquiry determines whether to seal a document.  *Rowe v. Google LLC*, No. 19 Civ. 8655 (LGS), 2022 U.S. Dist. LEXIS 173468, at *1 (S.D.N.Y. Sep. 26, 2022).  "The first question is whether the document is 'a judicial document subject to the [presumed] right of public access.'"  *Id.* (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006)) (alteration in original).  Next, if the presumption attaches, the court determines "the weight of the presumption by assessing 'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* at *1-2 (quoting *Lugosch*, 435 F.3d at 119).  Third, the court "balance[s] against the presumption any 'competing considerations'" and "[i]n weighing the presumption against competing considerations, a court can seal documents only 'if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Id.* at *2 (quoting *Lugosch*, 435 F.3d at 120).

"Although the term has not been comprehensively defined, courts have identified particular examples of 'higher values'" such as "the attorney-client privilege . . ."  *EEOC v. Kelly Drye & Warren, LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 U.S. Dist. LEXIS 28724, at *4 (S.D.N.Y. Mar. 2, 2012) (citing *Lugosch*, 435 F.3d at 125).  In *Lugosch*, the defendants moved to seal documents that the plaintiffs put in the record that were allegedly subject to the attorney-client privilege.  *Lugosch*, 435 F.3d at 125.  The Second Circuit held that the "attorney-client privilege might well

be such a compelling reason" to defeat the presumption of access and remanded the case to the district court to determine whether the attorney-client privilege applied to the documents. *Id.* On remand, the magistrate judge reviewed an expansive group of documents and recommended that various documents protected by the attorney client-privilege and work product doctrine remain sealed. *See Lugosch v. Congel*, No. 1:00-CV-0784 (NAM/RFT), 2006 U.S. Dist. LEXIS 53116, at *68-134 (S.D.N.Y. March 7, 2007). Here, the same rationale requires sealing.

### B. Redacting the References to Ms. Grossberg's Meetings with Fox News' Counsel Is Necessary to Preserve the Higher Values of the Attorney-Client Privilege and Work-Product Doctrines

Fox News does not dispute that a complaint is a judicial document. *See Kim v. BTG Pactual Asset Mgmt. US, LLC*, No. 22-CV-3547 (RA), 2022 U.S. Dist. LEXIS 163246, at *3 (S.D.N.Y. Sep. 9, 2022); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016). Yet, redacting statements regarding Ms. Grossberg's meetings with Fox News' counsel is necessary to preserve Fox News' attorney-client privilege and work product protection. Indeed, New York federal courts hold that the attorney-client privilege and work product doctrine are a higher value warranting protection from public disclosure. *EEOC*, 2012 U.S. Dist. LEXIS 28724, at *4; *Lugosch*, 435 F.3d at 125; *Lugosch*, 2006 U.S. Dist. LEXIS 53116, at *68-133.

#### i. The Meetings Between Fox News Lawyers and Ms. Grossberg Fall Squarely Within the Attorney-Client Privilege

The attorney-client privilege "'is one of the oldest recognized privileges for confidential communications' and "[t]he privilege, designed to facilitate openness and full disclosure between the attorney and the client, shields from discovery advice given by the attorney as well as communications from the client to the attorney." *Reliance Ins. Co. v. Am. Lintex Corp.*, No. 00 Civ. 5568 (WHP) (KNF), 2001 U.S. Dist. LEXIS 7140, at *3 (S.D.N.Y. May 31, 2001) (quoting

*Swidler Berlin v. United States*, 524 U.S. 399, 403 (1998)). "It is well established that the privilege applies to communications between corporate counsel and a corporation's employees, made 'at the direction of corporate superiors in order to secure legal advice from counsel.'" *In re GM LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 527 (S.D.N.Y. 2015) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981)).

Moreover, New York federal courts hold that meetings between entity defendants' employees and entity defendants' attorneys, including those undertaken to prepare an employee for her deposition, are privileged. *See Coleman v. City of N.Y.*, No. 98 Civ. 8761 (LMM) (AJP), 1999 U.S. Dist. LEXIS 10405 (S.D.N.Y. July 8, 1999). *Coleman* is on-point. There, a former employee brought an action against the city and other defendants for false arrest, malicious prosecution, and related charges. *Id.* at *1-2. Plaintiff deposed three city employees and at issue was whether conversations between the employees and the city's counsel in preparation for those depositions were privileged. *Id.* *2-5. The court found that the plaintiff could inquire into whether the employees had spoken to the city's counsel but could not inquire into the substance of those conversation. *Id.* at *7. The court held that the attorney-client privilege and work-product doctrine applied to the deposition preparation sessions. *Id.* at *5. The court explained that the "'[c]ity is a legal creation which acts through its employees, at all levels", and "[j]ust as do counsels for corporations and for individual clients, attorneys for [the] . . . [c]ity must have the same opportunity for a privileged open dialogue in preparing their [c]ity employee witnesses for trial.'" *Id.* at *6 (quoting *Radovic v. City of New York*, 168 Misc. 2d 58, 59-60 (N.Y. Dist. Ct. 1996)).

Here, the statements made during the meetings between Fox News' lawyers and Ms. Grossberg are "communications between corporate counsel and a corporation's employees, made 'at the direction of corporate superiors in order to secure legal advice from counsel.'" *In re GM*

*LLC Ignition Switch Litig.*, 80 F. Supp. 3d at 527 (quoting *Upjohn Co.*, 449 U.S. at 394).  Those meetings were undertaken to allow Fox News' lawyers to obtain information needed to provide legal advice to Fox News and prepare Ms. Grossberg for her deposition in the Dominion Lawsuit, in which Ms. Grossberg is not a party.  (Salvaty Aff. ¶ 5.)  The Fox News lawyers were representing Fox News' interests as a defendant in the Dominion Lawsuit during those meetings by facilitating legal advice to an agent of Fox News as legal representatives for Fox News.  Further, these meetings were to develop a legal strategy and defense to the claims alleged against Fox News in the Dominion Lawsuit and ultimately to provide Fox News with legal advice.  (*Id.*)  Fox News' attorneys need the opportunity for a privileged "open dialogue" in preparing Fox News' employee for her deposition.  *Coleman*, 1999 U.S. Dist. LEXIS 10405 at *6 (quoting *Radovic*, 168 Misc. 2d at 60).  Therefore, "the privilege applies to communications between [Fox News'] corporate counsel and [Fox News'] employees. . ." *In re GM LLC Ignition Switch Litig.*, 80 F. Supp. 3d at 527.

> ii. **The Work-Product Doctrine also Shields the Contents of the Meetings Between Fox News' Lawyers and Ms. Grossberg from Disclosure**

Federal Rule of Civil Procedure 26(b)(3) prohibits disclosure of tangible attorney work product.  Fed. R. Civ. P. 26(b)(3).  "[T]he work product doctrine as articulated in *Hickman v. Taylor*, 329 U.S. 495 (1947), is broader than Rule 26(b)(3) . . ." and "[t]his is exemplified by the treatment of intangible work product . . . [where] the cases uniformly hold that disclosure of an attorney's mental processes -- even if those thoughts have not been reduced to writing -- generally cannot be compelled."  *Abdell v. City of New York*, No. 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS 66114, at *12-13 (S.D.N.Y. Sep. 14, 2006).  In light of this, New York federal courts hold that witness deposition preparation sessions are protected by "the . . . work-product privilege . . ." *Coleman*, 1999 U.S. Dist. LEXIS 10405, at *5.

The communications during the meetings between Fox News' lawyers and Ms. Grossberg are intangible work product. Fox News' in-house and outside counsel met with Ms. Grossberg to gather information and discuss case strategy in advance of trial and to prepare Ms. Grossberg for her deposition. (Salvaty Aff. ¶ 5.) This is textbook legal analysis and strategy that New York federal courts protect. The Fox News attorneys were acting in their professional capacity during the sessions. The deposition preparation sessions are "[Fox News'] attorney[s'] mental processes" and "cannot be compelled." *Abdell*, 2006 U.S. Dist. LEXIS 66114, at *13.

### iii. Fox News Has Higher Values that Warrant Redacting the References to the Deposition Preparation Sessions in Ms. Grossberg's Complaint

Redacting the attorney-client privileged and work product information is essential to preserve Fox News' privileges and protections. In determining whether information should be sealed, courts consider whether "closure is essential to preserve [a] higher value[] . . ." *Rowe*, 2022 U.S. Dist. LEXIS 173468, at *2 (quoting *Lugosch*, 435 F.3d at 120). New York federal courts hold that the attorney-client privilege is a higher value that warrants sealing. *EEOC*, 2012 U.S. Dist. LEXIS 28724, at *4; *Lugosch*, 435 F.3d at 125; *Lugosch*, 2006 U.S. Dist. LEXIS 53116, at *68-133. Here, as demonstrated above, the meetings between Fox News' attorneys and Ms. Grossberg are protected by the attorney-client privilege and thus necessitate sealing.

Preservation of an attorney's work product is also a higher value that supports sealing. *See Lugosch*, 2006 U.S. Dist. LEXIS 53116, at *134 ("[T]he attorney-client privilege and work product doctrine are of the highest values within our judicial system and constitute compelling reasons, under the First Amendment, and countervailing factors, under the common law right of access, that sufficiently outweigh the public's right of access. . ."). The attorney work-product "doctrine serves at least three purposes." *Abdell*, 2006 U.S. Dist. LEXIS 66114, at *14. "First, it ensures that an attorney will not alter his behavior for fear that his adversary will learn his strategies

and thereby gain an advantage" and "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategies 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *Id.* (quoting *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998)). "Second, protecting work product alleviates the 'freeloader' problem" because "[a]n attorney who has access to the results of his adversary's research and investigation has less incentive to be diligent in his own trial preparation, and '[d]iscovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary.'" *Id.* at *15 (quoting *Hickman*, 329 U.S. at 516 (Jackson, J., concurring). "Finally, the work product doctrine serves to prevent disruption of ongoing litigation." *Id.* These principles all serve important interests. Given that the Fox News meetings with Ms. Grossberg are protected by the attorney work-product doctrine, and the interests that doctrine serve are vital to the legal system, this Court should seal the references to these meetings. Redacting the references to these sessions are "essential to preserv[ing]" Fox News' attorneys' work product protection. *Rowe*, 2022 U.S. Dist. LEXIS 173468, at *2 (quoting *Lugosch*, 435 F.3d at 120).

### C. Redacting the References to the Deposition Preparation Statements is Narrowly Tailored to Preserve Fox News's Privileges

Finally, in order "'to preserve higher values'", the sealing must be "'narrowly tailored to serve that interest.'" *Rowe*, 2022 U.S. Dist. LEXIS 173468, at *2 (quoting *Lugosch*, 435 F.3d at 120). Proposals for "redactions of specific information, satisfy[] the requirement that a sealing order be 'narrowly tailored.'" *Id.* at *4 (quoting *Lugosch*, 435 F.3d at 124). Here, Fox News is requesting that this Court redact the references to the meetings between Ms. Grossberg and Fox News as well as Ms. Grossberg's impressions of those meetings, which likewise reveal the content of the meetings. These references appear in paragraphs 135-140, 143, 145, 146, 149-151, 155-156, 160-162, 312 of the Complaint (Dkt. 1). These statements make up a small portion of Ms.

Grossberg's allegations in the Complaint, bear no or little viable relationship to the claims she asserts, and the public filing of these statements is greatly adverse to Fox News in the Dominion Lawsuit. These proposal for "'redactions of specific information [relating to the deposition preparation sessions], satisfy[] the requirement that a sealing order be 'narrowly tailored.'" *Rowe*, 2022 U.S. Dist. LEXIS 173468, at *4 (quoting *Lugosch*, 435 F.3d at 124).

### III.  CONCLUSION

WHEREFORE, Fox News, by and through its attorneys, Baker McKenzie LLC, respectfully submits this Memorandum of Law in support of its Emergency Motion to Seal requesting the Court redact certain references in Abby Grossberg's Complaint to meetings that are subject to the attorney-client privilege and work-product doctrine. The attorney-client privilege and work product doctrines are higher values that require protection and Fox News has narrowly tailored its motion to seal.

Dated: March 22, 2023                    Respectfully submitted,

**BAKER & MCKENZIE LLP**

By:  /s/Krissy Katzenstein

Paul C. Evans
Krissy Katzenstein
452 Fifth Avenue
New York, New York 10018
Telephone: (212) 626-4100
Facsimile: (212) 310-1600
paul.evans@bakermckenzie.com
krissy.katzenstrein@bakermckenzie.com

*Attorneys for Plaintiff Fox News Network, LLC*