UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                            :

ABBY GROSSBERG,                                            :

                                   Plaintiff,                            :                      23-CV-2368 (JMF)

                               -v-                                 :                MEMORANDUM OPINION
                                                                           :                        AND ORDER

FOX CORPORATION, et al.,                              :

                                 Defendants.                          :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On March 20, 2023, Plaintiff Abby Grossberg, a former producer at Fox News Network LLC ("Fox News"), filed a Complaint alleging that Defendants — Fox Corporation, Fox News, and various individuals — discriminated against her on the basis of gender and religion. *See* ECF No. 1. Two days later, Defendants filed an emergency motion to seal the Complaint on the ground that it contains information protected by the attorney-client privilege and attorney-work product doctrine. *See* ECF No. 8; *see also* ECF No. 9 ("Defs.' Mem."), at 2-3, 8-9.[1]

       Were Defendants seeking leave to file a document under seal in the first instance, their arguments would not be without force. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (concluding that "attorney-client privilege might well be . . . a

---

[1] According to Defendants, Grossberg's counsel had provided their counsel with a draft of the Complaint before filing this suit; defense counsel then informed him that portions of the draft contained privileged and confidential information. Defs.' Mem. 2-3. On March 20, 2023, the same day Grossberg filed her complaint, Fox News filed a motion for a temporary restraining order in New York Supreme Court seeking to prevent Grossberg from disclosing privileged material. *Id.* at 3. Defendants voluntarily dismissed that case on March 21, 2023. *See* Doc. No. 7, *Fox News Network, LLC v. Grossberg*, Index No. 152577 / 2023 (N.Y. Sup. Ct. Mar. 21, 2023).

compelling reason" to maintain documents under seal); *accord E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-655 (LTS), 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012). But their motion ignores one glaring fact: The information they seek to seal is already in the public domain. Plaintiff's lawsuit has been widely reported — and the Complaint itself is already publicly accessible in its entirety. *See, e.g.*, Nicholas Confessore & Katie Robertson, *Fox Producer Says She Was Set Up in Dominion Case*, New York Times (Mar. 20, 2023), https://www.nytimes.com/2023/03/20/business/media/fox-news-abby-grossberg.html (discussing this case and linking to a copy of the Complaint); @alkali19, Twitter (Mar. 21, 2023, 9:33 a.m.), https://twitter.com/alkali19/status/1638172033623130113?s=20 (posting the Complaint on Twitter). Put simply, the Court cannot put the genie back in the bottle and "make what has . . . become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

Indeed, courts routinely deny sealing requests where, as here, the information to be sealed is already publicly available. *See, e.g.*, *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (denying a motion to seal the complaint because, *inter alia*, multiple websites had reported on the complaint); *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013) (denying a motion to seal because the ostensibly private information had been reported in multiple articles); *Miller v. City of Ithaca*, No. 10-CV-597, 2013 WL 12310675, at *1-2 (N.D.N.Y. Feb. 15, 2013) (denying a request to seal portions of the trial transcript because the statements had been made in open court and had been widely reported in news articles); *see also, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (citing cases). Admittedly, this is not a case in which Defendants "fail[ed] to take immediate steps to request that publicly filed materials be sealed." *Fischman*, 2019 WL 3034866, at *2 (denying a motion to seal a complaint filed three months after the complaint was filed).

Defendants promptly filed their motion to seal — and even tried to preempt the filing of the Complaint in the first place. *See supra* note 1. But the fact remains that the cat is now firmly out of the bag; given that the Complaint is widely and publicly accessible, the appropriate remedy for any improper disclosure of privileged and confidential communications is not sealing.

Accordingly, Defendants' motion to seal is DENIED as moot. The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

Dated: March 23, 2023
      New York, New York

                                             JESSE M. FURMAN
                                          United States District Judge