

**FILIPPATOS PLLC**
Employment Law, Litigation & ADR

Parisis G. Filippatos  
Admitted in NY & CT

199 Main Street, Suite 800  
White Plains, NY 10601

Phone/Fax: 914-984-1111  
pgf@filippatoslaw.com

filippatoslaw.com ⬥ bestworkplacelawyers.com

May 12, 2023

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Abby Grossberg v. Fox Corporation, et. al.*
               Civil Action No. 23-cv-02368 (JMF)

Dear Judge Furman:

We regretfully are impelled to write to the Court regarding docket sequence # 32 through #35 wherein, based on the ***misrepresentation*** of Baker McKenzie LLP, Your Honor dismissed our prior application as moot [DKT #36]. Unfortunately, for all concerned, a pivotal statement made by Paul Evans, Esq., of Baker McKenzie LLP is patently misleading and false; therefore, this further correspondence is required.[1] Today, at DKT #35, p. 1, Mr. Evans stated: "Baker McKenzie has not entered an appearance on behalf of Mr. Carlson on this Court's docket. [] As Baker McKenzie will not be representing Mr. Carlson in this case, the issues raised in Plaintiff's counsel's May 9, 2023, letter (which we do not concede have merit) are moot."  Regrettably, the docket and the documentary evidence submitted herewith are clearly to the contrary.

On April 10, 2023, we corresponded with Mr. Evans, who confirmed that beyond Defendants Fox Corporation and Fox News Networks, for whom he and Ms. Katzenstein had entered appearances

---

[1] It is shocking that this is not the first litigation this year -- involving both parties in some manner -- where Fox, through its attorneys, has chosen to be less than fully honest and truthful with the Court.  Thus, the evasive and deceptive conduct of Fox's attorneys before Your Honor at the outset of this case is particularly troubling on the heels of Delaware Superior Court Judge Eric Davis's widely-reported stern rebuke of the Fox attorneys in the *Dominion Voting Systems v. Fox* matter for having made certain statements the veracity of which was very much in doubt.  "I need people to tell me the truth," Judge Davis said to Fox's attorneys in open court, "[a]nd, by the way, omission is a lie."  See David Folkenflik, *Judge rebukes Fox attorneys ahead of defamation trial: 'Omission is a lie'*, NPR (April 12, 2023) https://www.npr.org/2023/04/12/1169489219/fox-attorneys-under-investigation-for-lying-in-court-on-brink-of-blockbuster-tri'.

1

on March 22, 2023 [DKT #5 and #6], he and his firm now also represented, *inter alia*, Tucker Carlson. Indeed, on this date, Mr. Evans stated: "we represent Fox Corporation and Fox News Network, LLC in the above matter. We can now confirm that we will also be representing Defendants Andrews, Carlson, Fox, Giordano, McCaskill, Well[s] and West. We write to advise you that we are willing to execute a waiver of service pursuant to Rule 4(d) **on behalf of all of our clients**." Exhibit A (emphasis added). In accordance with Mr. Evans's representation of Mr. Carlson and other individuals, the undersigned issued Waiver of Service forms for his "respective clients," including Mr. Carlson. Exhibit B. On April 17, 2023, Mr. Evans signed and returned "the executed Waiver of Service forms for Defendants Fox Corporation, Fox News Network, LLC, Jerry Andrews, Tucker Carlson, Thomas Fox, Ralph Giordano, Alexander McCaskill, Justin Wells and Lesley West." Exhibit C. **On May 1, 2023, the Waiver of the Service of Summons form, which was signed by Mr. Evans on behalf of Defendant Tucker Carlson was filed with this Court** [DKT #23]. Thereby proving Mr. Evans's statement to the Court today to be inaccurate at best.

It is because of these predicate circumstances, that the undersigned recently persisted in putting inquiries to Mr. Evans regarding the status of Mr. Carlson's legal representation. We regret that the foregoing compelling circumstances may not have been presented as clearly as possible in our prior application [DKT #32]. In short, because Baker McKenzie actually appeared on behalf of Mr. Carlson on April 17, 2023, by acknowledging service and thereby engaged the timeframe of 60 days for Mr. Carlson to answer or otherwise move in this action per Fed. R. Civ. P. 4(d)(3), it is incumbent upon them to coordinate substitution of counsel in a timely manner – see N.Y. Rules of Prof. Conduct 1.7, and N.Y. Code of Prof. Respons. DR 5-105 (B) – so as not to unduly delay this litigation. See Fed. Rs. Civ. P. 1 & 16. Therefore, we respectfully renew our request that the Court order Mr. Carlson to obtain appropriate counsel prior to the June 15th preliminary conference scheduled by the Court, so as not to impede this litigation any further. Otherwise, the current operative date of June 16, 2023, for Mr. Carlson to answer or otherwise move in this action could be easily vitiated by Mr. Carlson simply appearing *pro se* on that date and seeking leave (and a consequential delay) to find substitute counsel. Surely such an inefficient result was neither contemplated by Your Honor's March 21, 2023, Notice of Preliminary Conference [DKT #4], nor supported by the clear language or spirit of Fed. R. Civ. P. 16(a). See Fed. R. Civ. P. 16(a)(1)-(3) (recognizing responsibility of the court to enter orders for the purpose of "expediting disposition of the action" and ensuring "that the case will not be protracted because of lack of management," as well as "discouraging wasteful pretrial activities"); Chunyung Cheng v. Via Quadronno LLC, No. 20 Civ. 8903 (LJL), 2021 U.S. Dist. LEXIS 182289, at *18 (S.D.N.Y. Sep. 23, 2021) ("[E]ach party and the Court has an interest—recognized by the Federal Rules of Civil Procedure—in the "speedy" determination of the action").

Moreover, Mr. Carlson's conduct as set forth in our original letter [DKT #32] and the instant correspondence, arguably violates Fed. R. Civ. P. 16(c)(1), in that he is currently a represented party and as such "***must*** authorize at least one of its attorneys to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at … [the scheduled June 16, 2023 preliminary conference]." Fed. R. Civ. P. 16(c)(1) (emphasis added); see also Intl. Bhd. of Teamsters v. E. Conference of Teamsters, 162 FRD 25, 28 (S.D.N.Y. 1995) ("Rule 16(c) affords this Court broad authority to 'take appropriate action' with respect to … 'such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.'"); N.A.A.C.P. v.

<u>Acusport Corp.</u>, 210 FRD 446, 454 (E.D.N.Y. 2002) ("Trial courts have broad discretion to manage proceedings in the interests of justice, fairness, and economy").

We apologize for any inconvenience this further (but necessary) clarification may have presented for the Court. For all of the foregoing reasons we respectfully reiterate our prior request that Mr. Carlson be ordered to obtain suitable counsel prior to the June 15th Preliminary Conference, as well as in advance of his obligation to answer or otherwise move with respect to Plaintiff's pleading on or before June 16, 2023.

Respectfully submitted,

Parisis G. Filippatos, Esq.

cc:   All Counsel of Record (via ECF)

      Bryan Freedman, Esq. (via email and regular mail)